IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA,            *

    Plaintiff                         *

vs.                                   *
                                          CASE NO. 4:08-CV-13 (CDL)
CHARLES W. PROCTOR,                   *

    Defendant                         *

## O R D E R

The Court presently has pending before it Plaintiff's Motion to Grant Petition for Judicial Approval of Levy Upon a Principal Residence (Doc. 4). Plaintiff seeks to levy upon Defendant's principal residence to satisfy Defendant's unpaid federal income tax liabilities, interest, and penalties for 1997, 1998, 1999, 2000, 2001, and 2002. For the following reasons, Plaintiff's motion (Doc. 4) is granted.

In support of its Petition, Plaintiff submitted the sworn declaration of Revenue Officer Valerie Williams and Certified IRS Form 4340 transcripts, showing that the Internal Revenue Service ("IRS") assessed federal income tax, interest, and penalties against Defendant, that the IRS properly notified Defendant of his liability, and that it made a demand for payment from Defendant. After Plaintiff filed its Petition, the Court issued a Notice and Order to Show Cause directed to Defendant which was personally served upon Defendant on February 8, 2008. That Order notified Defendant of the

Plaintiff's Petition and informed Defendant that Plaintiff sought an order allowing the IRS to levy upon real property located at 2279 Fortson Road, Fortson, Georgia 31808 in order to sell Defendant's interest in the property to satisfy Defendant's individual income tax liabilities.  The Court further informed Defendant of his right to object to Plaintiff's Petition and ordered Defendant to file any objections in writing with the Clerk of Court within twenty-five days of the date that the Court's Order was served upon him.  The Court further ordered that any objection to the Petition should demonstrate that: (1) Defendant's tax liability had been satisfied; or (2) Defendant has other assets from which the unpaid liabilities can be satisfied; or (3) applicable laws and administrative procedures relevant to the levy were not followed by the IRS.  The Order also informed Defendant that if he did not file with the Clerk of Court a written objection to the Petition within twenty-five days of service of the Order, the Court would enter an order approving an IRS levy on the real property located at 2279 Fortson Road, Fortson, Georgia 31808.

Defendant has not filed any written objection with the Clerk of Court to the Petition, and more than twenty-five days have elapsed since the Petition and the Court's Show Cause Order were personally served upon Defendant. Accordingly, the Court finds that Plaintiff's Motion to Grant Petition for Judicial Approval of Levy Upon Principal Residence (Doc. 4) should be granted.  *See* 26 C.F.R. §301.6334-1(d). The Court hereby approves the IRS's levy upon the property at 2279

Fortson Road, Fortson, Georgia 31808 in order to sell Defendant's interest in the property to satisfy Defendant's unpaid federal income tax liabilities, interest, and penalties for 1997, 1998, 1999, 2000, 2001, and 2002.

Although Defendant failed to comply with the Court's Show Cause Order requiring him to file any objections with the Clerk of Court, Plaintiff has notified the Court in conjunction with its presently pending motion that Defendant mailed to Plaintiff objections to these proceedings. The Court has reviewed those objections and finds them to be without merit and frivolous. Most of the objections either dispute this Court's jurisdiction, contest the right of the United States to tax its citizens, or protest the levy procedure. These issues have been resolved against Defendant and are so well settled that Defendant's arguments to the contrary are frivolous. *See* 28 U.S.C. §1340 and 26 U.S.C. §6334(e)(1)(B)(establishing jurisdiction for tax levies upon a personal residence); *see also United States v. Nat'l Bank of Commerce,* 472 U.S. 713, 721 (1985)("The constitutionality of the levy procedure, of course, has long been settled." (internal quotations and citations omitted)).

Defendant's objections do not demonstrate that he has paid the unpaid tax liabilities or that he has other assets from which the liabilities can be satisfied. Defendant's objections also fail to demonstrate that the IRS failed to follow the applicable laws and proper procedures for an IRS levy. Defendant simply complains that he is not subject to federal income taxes and that this Court has no

jurisdiction to approve such a levy.  Therefore, it is clear that even if Defendant had complied with the Court's Show Cause Order and filed these objections with the Clerk of Court, his objections do not raise any genuine issues of material fact and would be rejected as a matter of law.  Consequently, no hearing would be necessary to hear such frivolous objections.

Plaintiff's Motion to Grant Petition for Judicial Approval of Levy Upon a Principal Residence (Doc. 4) is granted, and the hearing that was conditionally scheduled for April 15, 2008 is cancelled because it is no longer necessary.

IT IS SO ORDERED, this 24th day of March, 2008.

                                            S/Clay D. Land
                                               CLAY D. LAND
                                UNITED STATES DISTRICT JUDGE